# New York Supplement

## VOLUME 64,

AND

# New York State Reporter,

## VOLUME 98.

---

ELBOGEN et al. v. GERBEREUX–FLYNN CO. et al.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

CORPORATIONS—DISSOLUTION—INJUNCTION TO RESTRAIN.
    An injunction restraining the dissolution of a corporation by the majority stockholders will not be granted at the instance of the minority stockholders, on the ground of fraud by the defendants in seeking a dissolution in order that one of their number may purchase the assets of the corporation for less than their real value, and thus depreciate the value of plaintiffs' shares, where every allegation of fraud is denied by the individual defendants, and the defendants have a clear right to dissolve the corporation under provisions of law which were in force when the plaintiffs took their stock.

Appeal from special term.
Action by Charles Elbogen and another against the Gerbereux-Flynn Company and others. From an order granting a temporary injunction (62 N. Y. Supp. 287), defendants appeal. Reversed.
Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

Theodore Sutro, for appellants.
G. S. Hamlin, for respondents.

PER CURIAM. The order appealed from must be reversed. The defendants Gerbereux and others, owners of a majority of shares of the Gerbereux-Flynn Company, were authorized by a provision of the statute existing at the time of the incorporation of the company, and now in force, to take the action prescribed by such statute for the dissolution of that company. The plaintiffs took their shares of

stock subject to all the provisions of law relating to the dissolution of such a corporation, and, further than that, they assented to, and one of them introduced at a directors' meeting, the resolution favoring a dissolution. The complaint in this action charges fraud on the part of the individual defendants, and misrepresentation on the part of Eugene Gerbereux, and one of the plaintiffs swears that he assented to the resolution favoring the dissolution of the company in consequence of some moral coercion or duress exerted by Eugene Gerbereux. We cannot find anything satisfactory in the affidavits to establish the allegations of fraud or duress. All that there is rests upon the assertion of the plaintiffs, and a suggestion of a suspicion that the individual defendants are seeking to dissolve the corporation in order that the defendant Eugene Gerbereux may, after a dissolution, purchase at a forced sale, and for less than their worth, the assets of the corporation, and that thus the value of the plaintiffs' shares may be depreciated. Everything that would constitute fraud, and every allegation of the complaint, and every statement in the affidavits of the plaintiffs, suggesting or indicating fraud, is positively denied by the individual defendants, and there are no circumstances proven which should induce us to give greater weight to the plaintiffs' assertion than to the defendants' denials. Those defendants had a clear right, under the statute, to take the course they pursued, and, while a court of equity will restrain contemplated acts in furtherance of fraud, yet this case is so barren of proof showing fraud that the injunction cannot be maintained.

The order must be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.